IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CIRCESTEEM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-3763 |
| | ) | |
| v. | ) | Honorable Judge Kocoras |
| | ) | |
| PAUL MILLER and PROCLOWN PRODUCTIONS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSE TO CIRCESTEEM'S MOTION FOR AUTHORIZATION TO ISSUE SUBPOENA TO GODADDY.COM

Defendants Paul Miller ("Miller") and ProClown Productions, Inc. (collectively, "Defendants"), in response to Plaintiff CircEsteem, Inc.'s ("CircEsteem") Motion for Authorization to Issue Subpoena to Godaddy.com, state as follows:

1. On Tuesday, June 23, 2009, CircEsteem concurrently filed a Complaint and a Motion for Temporary Restraining Order against the Defendants. Following a hearing held less that three hours after the Complaint and the Motion for Temporary Restraining Order were filed, Judge Samuel Der-Yeghiayan granted CircEsteem's Motion for Temporary Restraining Order. The Court thereafter entered a Temporary Restraining Order ("TRO") directing Defendants "[t]o return, assign and otherwise transfer registration for and ownership of … CircEsteem's assets in their possession… ." (Ruckle Decl. Ex. A.)

2. On June 23, 2009, Miller diligently and successfully effectuated the transfer of the circesteem.org and circesteem.biz domain names.

3.      On June 24, 2009, Miller contacted GoDaddy.com with the intention of transferring and assigning the remaining "CircEsteem" variant domain names to CircEsteem.[1]

4.      The parties met on June 24, 2009 to discuss the case and settlement options, at which point counsel for Defendants informed counsel for CircEsteem that Miller wanted to work together with CircEsteem to facilitate the prompt transfer of certain domain names to CircEsteem.  Counsel for Defendants asked for a "point-person" at CircEsteem with whom to communicate, and asked counsel for CircEsteem repeatedly to inform him of problems on CircEsteem's end in gaining control of the domain names in question.

5.      On June 25, 2009, counsel for CircEsteem sent an email to Defendants' counsel reviewing Miller's progress on transferring two categories of domain names:  (1) the "CircEsteem" variant domain names that Miller had attempted to transfer and assign on June 24, 2009; and (2) the "CircusTots" and "ChiefGoofOfficer" domain names that CircEsteem had not previously claimed as "CircEsteem assets" under the TRO.[2]  (Ruckle Decl. Ex. B.)

6.      The morning of June 26, 2009, counsel for Defendants responded in an email informing CircEsteem that, with respect to the "CircEsteem" variant domain names, counsel was instructed that CircEsteem must complete the transfer on its end by changing the "WHOIS" registration on the domain in order to become the administrator of the domain. (Ruckle Decl. Ex. C.)  Counsel for Defendants further stated "[i]f CircEsteem is having trouble with this, please let me know." (*Id.*)  With respect to the "CircusTots" and "ChiefGoofOfficer" domain names,

---

[1] The "CircEsteem" variant domain names include the following:  CircEsteem.biz, CircEsteem.info, CircEsteem.me, CircEsteem.mobi , CircEsteem.net, Circ-esteem.com, Circ-esteem.org, Cirqueesteem.com, Cirqueesteem.org, Cirquesteem.com, Cirquesteem.org, Circusteam.com, Circusteen.com, Circusteen.org, Circusteens.com, and Circusteens.org.  These domains were listed as domains (a)-(p) in Ex. A to CircEsteem's original Subpoena to GoDaddy.com.  (Ruckle Decl. Ex. F.)

[2] The "CircusTots" and "ChiefGoofOfficer" domain names include the following:  Circustot.com, Circustot.org, Circustots.com, Circustots.org, ChiefGoofOfficer.com, ChiefGoof-Officer.org, ChiefGoof-Officer.com.  These domains were listed as domains (t)-(z) in Ex. A to CircEsteem's original Subpoena to GoDaddy.com.  (Ruckle Decl. Ex. F.)

2

counsel for Defendants requested evidence that these domain names were in fact "CircEsteem" assets" under the TRO. (*Id.*)

7.   Counsel for Defendants then sent a second follow-up email on June 26, 2009, noting that there seemed to be an issue with the transfer of the "circusteem.info" domain, and asking whether counsel for CircEsteem had any information about this transfer. (Ruckle Decl. Ex. D.)

8.   Counsel for CircEsteem did not respond until three days later on the evening of June 29, 2006.  Instead of notifying Defendants' counsel of any problems regarding the transfer of the domains as they arose, counsel for CircEsteem resorted to making unsupported accusations that Miller had cancelled the sixteen "CircEsteem" variant domain names and attempted to destroy evidence.

9.   During a telephone conference the following day, June 30, 2009, counsel for CircEsteem acknowledged that, with the exception of the CircusTots and ChiefGoofOfficer domains, CircEsteem was in fact in possession of all of the "CircEsteem" variant domain names. With respect to the CircusTots and ChiefGoofOfficer domains, counsel for CircEsteem failed to produce any evidence that these were CircEsteem assets and ultimately "agreed to disagree" as to their ownership.

10.   On July 1, 2009, counsel for CircEsteem contacted Defendants' counsel and asked that he stipulate to the issuance of a subpoena to GoDaddy.com to obtain records related to three categories of domains: (1) the sixteen "CircEsteem" variant domains successfully transferred and assigned to CircEsteem; (2) three "ChicagoYouthCircus" domains, which were listed as domains (q)-(s) in Ex. A to CircEsteem's original Subpoena to GoDaddy.com, (Ruckle

3

Decl. Ex. F), but were subsequently removed; and (3) the seven CircusTots and ChiefGoofOfficer domains.  (Ruckle Decl. Ex. E.)

11.     Counsel for Defendants responded to CircEsteem's request that same day.  While maintaining that Miller did not cancel any domain names, counsel for Defendants stated that (1) he had no objection to the sixteen "CircEsteem" variant domains being listed in the subpoena, and (2) he did not believe the ChicagoYouthCircus, CircusTots, or ChiefGoofOfficer domains should be listed because CircEsteem had not alleged that Miller had cancelled these domains or otherwise. (*Id.*)

12.     Later that same day, counsel for CircEsteem responded stating that she would remove the ChicagoYouthCircus domains.  (*Id.*)  Regarding the CircusTots and ChiefGoofOfficer domains, counsel for CircEsteem posed to the following offer:

> Is Paul willing to stipulate that the chiefgoof-officer.com (and variants) and circustot.com (and variants) resided in the same account with the 16 Circesteem variant domain names and that he transferred them to a separate account after he was terminated?  If so, we will agree to remove them from the subpoena.  If not, they need to remain in the subpoena.

(*Id.*)

13.     Again, on July 1, 2009, Defendants' counsel responded to CircEsteem's counsel in the affirmative:  "I can confirm that the [ChiefGoofOfficer]/CIrcustots [sic] domains were in the same GoDaddy.com account and were transferred subsequent to Paul's termination.  We stipulate to [CircEsteem] filing the subpoena subject to the removal of all chicagoyouthcircus/ [chiefgoofofficer]/circustots domain names (listed in Ex. A under (q) through (z))." (*Id.*)

14.     Consistent with Defendants' previous representations to CircEsteem, Defendants continue to maintain that they have no objection to the issuance of a subpoena to GoDaddy.com to obtain records related to the transfer of the sixteen "CircEsteem" variant domain names.

Defendants are just as interested in obtaining the facts underlying the transfer and alleged cancellation of these domain names as CircEsteem is.

15.     Defendants continue to maintain that the "CircusTots" and "ChiefGoofOfficer" variant domains should be excluded from the subpoena to GoDaddy.com because (1) CircEsteem still has not alleged that Miller cancelled these domains; and (2) as set forth in Defendants' Response to CircEsteem's Corrected Motion for Order to Show Cause Why Defendants Should not be Held in Contempt of this Court's Temporary Restraining Order, these domain names are not "CircEsteem assets" subject to the TRO.

16.     Furthermore, counsel for CircEsteem explicitly offered to remove the "CircusTots" and "ChiefGoofOfficer" variant domain names upon Miller's stipulation that these domains were transferred to a separate account following his termination.  Despite Miller's confirmation of this fact, counsel for CircEsteem is now going back on her word and wasting the parties' and the Court's time in the process by filing this unnecessary motion.

Thus, Defendants reaffirm their stipulation for CircEsteem to file a subpoena on GoDaddy.com with respect to domains listed in (a)-(p), but request that the Court deny the issuance of the subpoena with respect to domains listed in (q)-(w).

Date: July 7, 2009				Respectfully submitted,

					By:	*s/ Brent P. Ray*
						Brent P. Ray
						Bar Registration No.:  6291911
						E-mail:  bpray@jonesday.com
						Krista S. Schwartz
						Bar Registration No.:  06238053
						E-mail: ksschwartz@jonesday.com
						JONES DAY
						77 West Wacker
						Chicago, Illinois 60601-1692
						Telephone:   (312) 782-3939
						Facsimile:     (312) 782-8585

					*Attorneys for Defendants Paul Miller and ProClown Productions, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2009, I electronically filed **Defendants' Response to CircEsteem's Motion for Authorization to Issue Subpoena to GoDaddy.com** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record at her e-mail address on file with the Court:

Karen Ksander Ettelson

*s/ Brent P. Ray*
One of the Attorneys for Defendants Paul Miller and ProClown Productions, Inc.